IN THE COURT OF APPEALS OF IOWA
No. 15-0829
Filed September 14, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KHASIF RASHEED WHITE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell, Judge.

        A juvenile offender appeals his sentence claiming it was unconstitutional and the district court lacked statutory authority to impose it.  **AFFIRMED.**

        Jane M. White of Jane White Law Office, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

        Considered by Vogel, P.J., and Doyle and Bower, JJ.

CLERK OF SUPREME COURT

SEP 14, 2016

ELECTRONICALLY FILED

**VOGEL, Presiding Judge.**

Khasif White appeals his sentence for three counts of robbery in the second degree—crimes committed as a juvenile—asserting the district court erred in its consideration of the relevant sentencing factors, which resulted in an unconstitutional sentence. He also claims the court lacked statutory authority to sentence him to a minimum term of imprisonment. Because we conclude the district court properly considered the *Miller/Lyle*[1] sentencing factors and had statutory authority to sentence White to a minimum sentence, we affirm.

I.      Background Facts and Proceedings

White entered an *Alford* plea to three counts of second-degree robbery, in violation of Iowa Code sections 711.1 and 711.3 (2009). In conjunction with a plea agreement, White was sentenced to ten years on each count to be served concurrently. White's sentence also included a seven-year mandatory minimum. At the time the crimes occurred, White was seventeen years old.

Following our supreme court's decision in *Lyle*, White filed a motion to correct illegal sentence. White sought resentencing in accordance with the factors addressed by the United States Supreme Court in *Miller*, 132 S. Ct. at 2468, as synthesized in *Lyle*. Following a hearing, the district court denied White's motion and left all aspects of the prior sentencing order in place, including the seven-year mandatory minimum sentence. In both its pronouncement on the record and written order, the court discussed the *Miller/Lyle* sentencing factors. Ultimately, the court decided the original sentence

---

[1] *See Miller v. Alabama*, 132 S. Ct. 2455, 2468 (2012); *State v. Lyle*, 854 N.W.2d 378, 404 n.10 (Iowa 2014).

was appropriate stating, "Removal of the mandatory minimum sentence is neither justified by the *Lyle* factors nor the general interests of protection of the public and defendant's rehabilitation."  White appeals.

## II.    Standard of Review

The applicable standard of review when a defendant challenges a sentence depends on the specific nature of the challenge.  *State v. Seats*, 865 N.W.2d 545, 552–53 (Iowa 2015).  When a defendant challenges the legality of the sentence on constitutional grounds, we review the sentence de novo.  *Id.* at 553.  However, when a defendant challenges the legality of a sentence on nonconstitutional grounds, such as a lack of statutory authority to impose a sentence, we review the sentence for correction of errors at law.  *Id.*

## III.    Consideration of *Miller/Lyle* Factors

White argues the district court erred in its consideration of the *Miller/Lyle* factors.  Specifically, White claims the district court failed to fully consider some of the factors and improperly considered other factors as aggravating rather than mitigating.  The State asserts the district court properly weighed all the *Miller/Lyle* factors and imposed a sentence within constitutional parameters.

In *Miller*, the Supreme Court held mandatory life without parole sentences for juvenile offenders violated the Eighth Amendment.  132 S. Ct. at 2469.  The Court mandated sentencing courts consider the differences between juvenile and adult offenders, including the individual distinctions in defendants and crimes.  *Id.* at 2469.  Specifically, the Court pointed to:

> (1) the age of the offender and the features of youthful behavior, such as 'immaturity, impetuosity, and failure to appreciate risks and consequences'; (2) the particular 'family and home environment'

that surround the youth; (3) the circumstances of the particular crime and all circumstances relating to youth that may have played a role in the commission of the crime; (4) the challenges for youthful offenders in navigating through the criminal process; and (5) the possibility of rehabilitation and the capacity for change.

*Lyle*, 854 N.W.2d at 404 n.10 (citation omitted) (listing the *Miller* factors). In *State v. Null*, 836 N.W.2d 41, 74–75 (Iowa 2013), our supreme court discussed the *Miller* factors in detail and adopted them as factors to be considered when sentencing juvenile offenders in our state.

In *Lyle*, our supreme court held all mandatory minimum sentences for juveniles unconstitutional under article I, section 17 of the Iowa Constitution. 854 N.W.2d at 400. The court focused primarily on the differences between adults and juveniles. *Id.* at 402 ("Mandatory minimum sentencing results in cruel and unusual punishment due to the differences between children and adults."). While the court prohibited the mandatory imposition of a minimum sentence to juvenile offenders, the court did not preclude the possibility of a sentencing judge ordering a minimum period of incarceration for juvenile offenders. *Id.* at 402–03. In describing the parameters sentencing judges must consider in resentencing juveniles previously sentenced under the mandatory minimum statute, the *Lyle* court endorsed the factors outlined in *Miller*. *Id.* at 404 n.10.

Because White was a juvenile when the crimes he pled to were committed, the district court was required to consider the five *Miller/Lyle* factors in resentencing White. *See id.* The court acknowledged its duty to apply the *Miller/Lyle* factors and specifically weighed each factor in resentencing White. The court noted that: (1) the three separate and distinct robberies committed by White weighed against a finding of immaturity and impetuosity; (2) White's home

and family life was difficult due to his father's negative influence; (3) White had committed three separate offenses—two which were described as shoplifting and one which was more of a "classic" robbery; (4) White faced some challenges in navigating the criminal justice system but was represented by "experienced and respected" counsel; and (5) White's disciplinary record in prison showed "an unwillingness to change and lack of rehabilitation." Between the written order and the record from the hearing, it is clear the court specifically considered each of the *Miller/Lyle* factors in resentencing White.

Further, the district court did not improperly treat factors as aggravating rather than mitigating the punishment. *Lyle*, 854 N.W.2d at 402 n.8 ("Clearly, these are all *mitigating factors,* and they cannot be used to justify a harsher sentence." (emphasis in original)). Nothing in the court's order indicates that the *Miller/Lyle* factors were used to impose a harsher sentence against White. Rather, the court determined that some factors did militate in favor of White, but the court explained that a majority of factors did not. Factors that do not mitigate the punishment are not necessarily factors that aggravate the punishment; the court simply concluded the factors did not mitigate in favor of a lesser sentence.

Because the court properly considered each of the *Miller/Lyle* factors and because it considered the factors as mitigating, rather than aggravating, we conclude White's sentence was constitutional.

IV.     Statutory Authority to Impose a Minimum Sentence

White next claims the district court lacked statutory authority to impose a minimum sentence because he asserts section 902.12—the mandatory minimum statute—was declared unconstitutional in *Lyle* and is no longer available.

White's claim misconstrues *Lyle*. Section 902.12 was not declared categorically unconstitutional in *Lyle*; rather, the constitutional infirmity arose when the statute was applied mandatorily to juvenile offenders. *Id.* at 402. The *Lyle* court explicitly held a minimum sentence could still be imposed on juvenile offenders after an individualized sentencing hearing:

> It is important to be mindful that the holding in this case does not prohibit judges from sentencing juveniles to prison for the length of time identified by the legislature for the crime committed, nor does it prohibit the legislature from imposing a minimum time that youthful offenders must serve in prison before being eligible for parole. Article I, section 17 only prohibits the one-size-fits-all mandatory sentencing for juveniles.

*Id.* at 403. The district court followed the precise procedure outlined in *Lyle* and left White's minimum sentence in place. We conclude the court had statutory authority to impose a minimum sentence.

V. Conclusion

As we conclude the district court properly considered all of the *Miller/Lyle* factors in resentencing White and had authority to impose a minimum sentence, we affirm the district court's ruling and White's sentence.

**AFFIRMED.**



IOWA APPELLATE COURTS

State of Iowa Courts

**Case Number**
15-0829

**Case Title**
State v. White

Electronically signed on 2016-09-14 08:23:04